NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4517 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00253-JLT-4 |
| v. | |
| VIRGILIO MELGOZA, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted April 22, 2025**

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Virgilio Melgoza Jr. appeals from the district court's judgment and

challenges the 48-month sentence imposed upon the second revocation of his

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Melgoza first contends that the district court violated his right to due process

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

by failing to inquire whether he was under the influence or suffering withdrawal symptoms during the admission hearing, making it impossible to determine whether his admissions were knowing and voluntary. The record reflects, however, that the court advised Melgoza of the rights he was giving up by admitting the violations, and Melgoza confirmed he was voluntarily giving up those rights. Moreover, Melgoza confirmed that he'd had sufficient time to confer with counsel and was satisfied with her representation. Given this record, and the lack of any indication that Melgoza was not competent to proceed, he has not shown a due process violation. *See generally* Fed. R. Crim. P. 32.1(b) (stating requirements for a revocation hearing).

Melgoza also contends that the district court procedurally erred by inadequately explaining its reasons for the above-Guidelines sentence. He asserts that the court improperly considered just one of the 18 U.S.C. § 3553 sentencing factors and relied on unsupported facts concerning the conduct underlying his revocation. We review for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The court considered counsel's arguments regarding Melgoza's violation conduct, discussed his mitigating circumstances, referenced several sentencing factors, and explained why—although the government's recommendation of 60 months was too high—an above-Guidelines sentence was warranted. The court sufficiently explained the

sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Finally, Melgoza contends that his sentence is substantively unreasonable. The district court did not abuse its discretion, however. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, particularly Melgoza's history on supervision, the above-Guidelines sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**